UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS A. ANTONETTI,

                              Plaintiff,

             v.

HEAVY WOODS BAR, JOHN DOE, and JOHN DOES

                             Defendants.

**MEMORANDUM AND ORDER**

25-cv-00661-LDH-JRC

---

LaSHANN DeARCY HALL, United States District Judge:

      Carlos A. Antonetti ("Plaintiff"), proceeding pro se, brings the instant action against Henry Woods Bar (the "Bar"), John Doe, and John Does (together, "Defendants"), asserting claims for discrimination, harassment, and assault, pursuant to 42 U.S.C. § 1983, and Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a. Plaintiff's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, is granted. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND[1]

      On April 11, 2024, Plaintiff, a Latino man, went to the Henry Woods Bar located in Brooklyn, New York. (Compl. at 2-3, ECF No. 1.) At the Bar, Plaintiff conversed with a friend, by phone, in Spanish. (*Id.* at 2.) Plaintiff was served two drinks at the Bar and requested a third drink. (*Id.* at 3.) According to the Complaint, the bartender refused to serve Plaintiff a third drink, asked him to leave the bar, and struck him in the back of the head with an unknown object,

---

[1] The following allegations are taken from the complaint and are assumed to be true for the purpose of this opinion.

1

rendering Plaintiff unconscious. (*Id.*) Plaintiff states that the purported assault resulted in dizziness, a bump and bruise on his head, and bleeding. (*Id.*) Plaintiff did not seek immediate medical attention, but he sought care for his injuries at a hospital approximately one month after the alleged incident. (*Id.*) Thereafter, Plaintiff submitted a police report to officers at the 83rd Precinct of the New York City Police Department ("NYPD"). (*Id.* at 3-4.) Plaintiff alleges that, as a result of the incident, he suffers continued injuries, including "[f]requent and constant headaches[;] strong migraines[;] dizziness[;] . . . frequent [and] strong earaches[;] . . . discomfort [in his] right shoulder and arm[;] frequent discomfort[,] pains[,] numbness[,] and stiffness[;] [] loss of high frequency hearing on both ears[;] . . . [and] blurred vision." (*Id.* at 4.) Plaintiff seeks monetary damages in the amount of $65,000. (*Id.* at 4.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally

2

and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). This is "particularly so when the pro se plaintiff alleges that [his or her] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

Further, an *in forma pauperis* action shall be dismissed where the Court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

## DISCUSSION

### I. Plaintiff's Section 1983 Claims

Section 1983 imposes liability "only for conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws."

3

*Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976); *see also* 42 U.S.C.A. § 1983 ("[E]very person who, under color of [law] . . . subjects, or causes to be subjected, any . . . person within the jurisdiction [of the United States] to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity. suit in equity, or other proper proceeding for redress . . . ."). Of relevance here, "[t]o state a claim under . . . § 1983, [a] plaintiff[] must allege, *inter alia,* that the wrongful conduct was committed by a person acting under color of state law." *Schindler v. French*, 232 F. App'x 17, 19 (2d Cir. 2007) (citing *Johnson v. Goord,* 445 F.3d 532, 534 (2d Cir.2006)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

Here, Plaintiff asserts claims against John Doe and John Does, private individuals, as well as the Bar, a private entity. (Compl.) Plainly, Defendants' purported conduct is private, as opposed to that of a state actor.[2] Plaintiff's § 1983 claims therefore fail and are dismissed, accordingly. *See Schindler*, 232 F. App'x at 19; *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

## II. Plaintiff's Title II Claims

Title II prohibits discrimination in the provision of "goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation," such as a hotel, restaurant, or theater. 42 U.S.C. § 2000a(a)-(b). The "overriding purpose" of Title II "is to

---

[2] "For purposes of § 1983, [private individuals or] a private entity [can] act[] under color of state law if (1) 'the State compelled the conduct,' (2) 'there is a sufficiently close nexus between the State and the private conduct,' or (3) 'the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State.'" *Zhi Guo v. Indep. Chinese Pen Ctr. Inc.*, 662 F. App'x 9, 10 (2d Cir. 2016) (quoting *McGugan v. Aldana–Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)). "The fundamental question . . . is whether the private [individuals' or] entity's challenged actions are fairly attributable to the state." *Id.* (first alteration in original) (quoting *McGugan*, 752 F.3d at 229). However, Plaintiff does not allege any facts sufficient to satisfy any of the three standards for "fairly attribute[ing]" private conduct to the state.

4

remove the daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to the general public." *Gilmore v. Amityville Union Free Sch. Dist.,* 305 F.Supp.2d 271, 278 (E.D.N.Y. 2004) (internal quotation marks omitted) (alteration accepted) (quoting *Daniel v. Paul,* 395 U.S. 298, 307-08 (1969)).  Of relevance here, Title II of the Civil Rights provides that:

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

To state a claim under Title II, Plaintiff must "allege facts showing (1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) facts which demonstrate discriminatory intent." *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018).  It is well established, however, that individual plaintiffs cannot recover damages for claims brought under Title II; rather, only injunctive relief, along with reasonable attorney's fees, is available as a remedy. *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968).

Here, Plaintiff alleges that the bartender refused to serve him a third drink, asked him to leave the Bar, and ultimately assaulted him. (Compl. at 3.)  Plaintiff alleges that the bartender's conduct was motivated by the fact that he "heard Plaintiff speaking Spanish . . . and because of [Plaintiff's] Spanish nationality and skin tone." (*Id.* at 3.)  In short, Plaintiff avers that the treatment he suffered was due to his race and nationality. (*Id.* at 3, 4).  As relief, Plaintiff seeks monetary damages in the amount of $65,000. (*Id.* at 4.)  However, because monetary damages

5

cannot be recovered under Title II, Plaintiff cannot recover the relief that he seeks—that is, monetary damages. *Newman v. Piggie Park Enters., Inc.*, 390 U.S. at 401-02. Accordingly, Plaintiff's Title II claims are dismissed.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once ...."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed in its entirety for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.

---

3 Even assuming that monetary damages could be recovered under Title II, to the court's knowledge, no case in this Circuit has determined that a bar or tavern, particularly one whose principle business is the sale of alcoholic beverages and in which little or no food is served, like the defendant-bar, is a covered establishment under 42 U.S.C. § 2000a. *See* 42 U.S.C. § 2000a(b)(2) (listing as places of accommodation: "any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station"); *Seidenberg v. McSorleys' Old Ale House* 308 F. Supp. 1253, 1255-1256 (S.D.N.Y. 1969) (citing *Cuevas v. Sdrales*, 344 F.2d 1019, 1022-23 (10th Cir. 1965).

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                        SO ORDERED.

Dated: Brooklyn, New York           /s/ LDH
       November 4, 2025                 LaSHANN DeARCY HALL
                                         United States District Judge